HOUSING AUTHORITY OF THE TOWN OF EAST HARTFORD *v.* NANCY MELANSON
(9002)

SPALLONE, O'CONNELL and FOTI, Js.

Argued October 30—decision released December 4, 1990

*John F. Sullivan,* with whom, on the brief, was *Ralph J. Alexander,* for the appellant (plaintiff).

*Robin J. Hammeal-Urban,* with whom was *James Moreno,* for the appellee (defendant).

SPALLONE, J. The plaintiff appeals from the trial court's decision granting the defendant a writ of audita querela[1] that stayed the execution of the judgment of immediate possession in a summary process action.

---

[1] Audita querela is a remedy granted in favor of one against whom execution has issued or is about to issue on a judgment the enforcement of which would be contrary to justice.

The plaintiff claims that the trial court improperly (1) granted the writ of audita querela based on a previously adjudicated issue, (2) granted the equitable remedy of audita querela where the defendant had "unclean hands," (3) granted a second writ of audita querela, and (4) violated the plaintiff's federal constitutional rights. We do not review these claims because this appeal is moot.

The following facts are relevant to the disposition of this appeal. The plaintiff housing authority of the town of East Hartford filed a summary process action based on nonpayment of rent against its tenant, the defendant Nancy Melanson. On April 11, 1989, the plaintiff and the defendant entered into a stipulated judgment of possession for the plaintiff, which provided for a final stay of execution through June 11, 1989. At the time of the stipulated judgment, it was believed that the defendant would be able to procure housing with the Rockville housing authority. The defendant was unable to secure such alternate housing, however, and on July 17, 1989, an execution was issued against her. The defendant sought a writ of audita querela based on her inability to procure alternate housing. The defendant asserted that she had entered into the stipulated judgment in reliance on the representation that alternate housing was available and that she would not have stipulated to judgment for the plaintiff had she known otherwise. On August 14, 1989, the trial court granted the defendant a writ of audita querela, staying the execution through February 14, 1990.

On August 15, 1989, the plaintiff appealed to this court seeking a reversal of the trial court's decision. On December 22, 1989, we set aside the writ of audita querela because the defendant, appearing pro se, failed to file a brief as we had ordered and failed to appear at oral argument. We remanded to the trial court with instruction to vacate the writ.

Subsequently, another execution issued against the defendant and she was notified by the sheriff that she would be evicted from the premises at 10 a.m. on March 19, 1990. On March 15, 1990, the defendant filed for a second writ of audita querela based on allegations of poor mental and physical health that would be exacerbated if she were forced to move. After a hearing, the trial court granted the second writ of audita querela staying the execution through June 30, 1990. This appeal followed.

We note that the writ of audita querela, the subject of this appeal, and the resultant stay of execution expired as of July 1, 1990, and are no longer of any force and effect. The only reason an execution may not issue at this time is because of the automatic stay incident to this appeal. Upon the rendering of a decision by this court, such stay will also be terminated, subject to further appeal, with the result that the plaintiff may properly apply for an execution.

As the writ of audita querela has expired, there is no longer a controversy before us. It is beyond dispute that " 'the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions disconnected from the granting of actual relief or from the determination of which no practical relief can follow.' *Reynolds* v. *Vroom,* 130 Conn. 512, 515, 36 A.2d 22 (1944); see also *Shays* v. *Local Grievance Committee,* 197 Conn. 566, 571, 499 A.2d 1158 (1985). ' "In the absence of an actual and existing controversy for us to adjudicate in any sense of the term, the courts of this state may not be used as a vehicle to obtain judicial opinions upon points of law . . . and where the question presented is purely academic, we must refuse to entertain the appeal. . . ." *Connecticut Foundry Co.* v. *International Ladies Garment Workers Union,* 177

522

Conn. 17, 19, 411 A.2d 1 (1979).' " *Butzgy* v. *Glastonbury,* 203 Conn. 109, 114–15, 523 A.2d 1258 (1987).

Accordingly, this appeal is moot.

The appeal is dismissed.

In this opinion the other judges concurred.

