ROBERT FROMER *v.* TREE WARDEN OF THE CITY OF NEW LONDON ET AL.
(10334)

LANDAU, HEIMAN and CRETELLA, Js.

Argued January 8—decision released February 11, 1992

*Robert Fromer,* pro se, the appellant (plaintiff).

*Myron B. Bell,* for the appellees (defendants).

PER CURIAM. On August 30, 1990, the defendant tree warden approved the request of the defendant city of

---

New London to remove forty-seven honey locust trees on Captain's Walk, a pedestrian mall, in order to reopen a street known as State Street which had been converted earlier to a pedestrian walkway. The plaintiff, claiming to be aggrieved pursuant to General Statutes § 22a-19, appealed to the Superior Court from that decision pursuant to General Statutes § 23-59. On May 30, 1991, the trial court dismissed the plaintiff's administrative appeal, and this appeal followed.

In November, 1990, the trees that are the subject of the challenged administrative action were removed by the defendant city of New London. Thus, the plaintiff's challenge to the defendant tree warden's approval of the removal of the trees, and his related claims for injunctive relief, are moot. The existence of an actual controversy is an essential jurisdictional prerequisite. *Furstein* v. *Hill,* 218 Conn. 610, 627, 590 A.2d 939 (1991). It is not the province of our courts to decide moot questions, the determination of which cannot result in the granting of actual or practical relief. Id.; *Winthal* v. *Fabrizi,* 26 Conn. App. 45, 47, 596 A.2d 939 (1991). In the absence of an actual and existing controversy for us to adjudicate in any sense of the term, the courts of this state may not be used as a vehicle to obtain judicial opinions on points of law. *Hallas* v. *Windsor,* 212 Conn. 338, 347, 562 A.2d 499 (1989); *Housing Authority* v. *Melanson,* 23 Conn. App. 519, 521, 582 A.2d 1179 (1990).

Furthermore, the plaintiff's claims for monetary relief are not cognizable in an administrative appeal. "[A]dministrative relief cannot encompass a monetary award." *Cummings* v. *Tripp,* 204 Conn. 67, 80, 527 A.2d 1230 (1987).

Accordingly, the trial court properly dismissed the plaintiff's administrative appeal.

The judgment is affirmed.