## ANTHONY ZAMPANO *v.* L. G. DeFELICE, INC.
### (11138)

O'CONNELL, LAVERY and FREEDMAN, Js.

Argued October 27, 1992—decision released April 6, 1993

*Derby F. Anderson,* with whom was *Gregory Willis,* for the appellant (named defendant).

*Elizabeth Buckmir,* for the appellee (third party defendant).

PER CURIAM. The named defendant, L. G. DeFelice, Inc. (DeFelice), appeals from the dismissal of its third party complaint against the intervening plaintiff and third party defendant, Globe Steel Erectors, Inc. (Globe).[1] Subsequent to oral argument before this court, however, the trial court permitted DeFelice to amend its answer to Globe's intervening complaint[2] to assert the allegations of its dismissed complaint as a counter-

---

[1] The negligence action between the named plaintiff and named defendant continues to proceed in the trial court.

[2] Globe intervened as a plaintiff pursuant to General Statutes § 31-293 (a).

claim against Globe. Because DeFelice now has the opportunity to pursue its claims against Globe by way of the counterclaim, the question of whether the trial court properly dismissed DeFelice's third party complaint against Globe for insufficiency of service of process is moot.

"The existence of an actual controversy is an essential jurisdictional prerequisite. . . . It is not the province of our courts to decide moot questions, the determination of which cannot result in the granting of actual or practical relief. . . . In the absence of an actual and existing controversy for us to adjudicate in any sense of the term, the courts of this state may not be used as a vehicle to obtain judicial opinions on points of law." (Citations omitted.) *Fromer* v. *Tree Warden,* 26 Conn. App. 599, 600, 602 A.2d 1060 (1992).

Now that the trial court has permitted DeFelice to pursue the identical claims it raised in its dismissed complaint by way of the counterclaim,[3] no practical relief would seem to flow to DeFelice from a decision in this appeal from the dismissal of the complaint. In fact, during oral argument before this court, the parties stipulated that this appeal would be moot if the trial court permitted DeFelice's counterclaim to come into the case. Nonetheless, in a statement to this court properly filed pursuant to Practice Book § 4006, DeFelice claims that this appeal is not moot because there exists the possibility that Globe may raise a statute of limitations defense to the counterclaim that, presumably, would not be equally applicable to the complaint. Such future events, however, remain speculative and hypothetical at this point. The *present* state of the record convinces us that there is no "actual and existing controversy for us to adjudicate." Id.

---

[3] Both the dismissed complaint and the counterclaim set forth identical allegations and causes of action sounding in negligence and indemnification.

Should future events show that DeFelice can obtain judicial relief only by proceeding on the third party complaint that is the subject of this appeal, then DeFelice may include its claims in any appeal from the rendition of final judgment. The filing of this appeal will be a sufficient reservation, under Practice Book § 4002 (a), of DeFelice's right to appeal from the dismissal of the third party complaint.

The appeal is dismissed.