[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANTS' MOTION TO DISMISS
I. Factual and Procedural History
The defendant moves to dismiss this action post judgment. On CT Page 988 October 30, 1997 a jury verdict was rendered for the plaintiffs Joseph Walsh, Jr., Claire Walsh, James Stewart, and Ruth Stewart in the amount of $675,000.00 in a common law nuisance action resulting from the defendants operation of the Pawcatuck Treatment Plant. On November 17, 1997 the defendants filed a motion to dismiss the action arguing the following: (1) The plaintiffs' claim is barred by the doctrines of res judicata and collateral estoppel; (2) The claim is barred by the plaintiffs failure to exhaust their administrative remedies; and (3) The claim is barred by the doctrine of primary jurisdiction.[1]
II. Motion to Dismiss, Legal Standard
In relevant part, Practice Book s. 143 provides, "[t]he motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . ." Sadloski v.Manchester, 235 Conn. 637, 645-46 n. 13, 668 A.2d 1314 (1995). "Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." Figueroa v. C S Ball Bearing,237 Conn. 1, 4, 675 A.2d 845 (1996). "[S]ubject matter jurisdiction can be raised at any time . . . ." Gagnon v.Planning Commission, 222 Conn. 294, 297, 608 A.2d 1181 (1992). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." Cannata v. Department ofEnvironmental Prot., 239 Conn. 124, 144 n. 17, 680 A.2d 1329
(1996).
Res Judicata and Collateral Estoppel
"Under the doctrine of res judicata, a final judgment, when rendered on the merits, is an absolute bar to subsequent action. . . . [C]ollateral estoppel precludes a party from relitigating issues and facts actually and necessarily determined in an earlier proceeding between the same parties. . . . [T]o invoke collateral estoppel the issues sought to be litigated in the new proceeding must be identical to those considered in the prior proceeding . . . Both issue and claim preclusion express no more than the fundamental principal that once a matter has been fully and fairly litigated, and finally decided, it comes to rest." (Citations omitted; emphasis added; internal quotation marks omitted.) Mazziotti v. Allstate Insurance Co.,240 Conn. 799, 812-13, 695 A.2d 1010 (1997). CT Page 989
The present case is not barred by the doctrines of collateral estoppel or res judicata. The defendants argue that because the plaintiffs objected to the defendant's plant permit renewal during a Department of Environmental Protection (DEP) hearing, they are precluded from seeking damages under a common law nuisance action. An objection to a permit renewal and a claim for damages in a common law nuisance action are not identical issues and therefore the nuisance action is not barred by collateral estoppel. Further, this common law nuisance action was not adjudicated by the DEP and therefore it is not barred by the doctrine of res judicata.
Exhaustion of Administrative Remedies
"[T]he failure of a party to exhaust an available administrative remedy is a subject matter jurisdictional bar to plenary action in court to test the same issue that the administrative remedy was designed to test." Loulis v. Parrott,241 Conn. 180, 190-91, 695 A.2d 1040 (1997). "We have recognized, however, certain limited exceptions to the exhaustion requirement. Such exceptions include where the available relief is inadequate or futile." (Citation omitted; internal quotation marks omitted). O G Industries, Inc. v. Planning ZoningCommission, 232 Conn. 419, 426, 655 A.2d 1121 (1995). "[A]n administrative remedy is adequate when it could provide the plaintiff with the relief that it seeks and provide a mechanism for judicial review of the administrative decision." Id.
"[A]dministrative relief cannot encompass a monetary award.Cummings v. Tripp, 204 Conn. 67, 80, 527 A.2d 230 (1987); Fromerv. Tree Warden, 26 Conn. App. 599, 600, 602 A.2d 1060 (1992);Costanzo v. Hamden, 18 Conn. App. 254, 260, 557 A.2d 1279 (1989). The DEP's permit hearing does not preclude the plaintiffs' common law nuisance action. The plaintiffs' objections to the defendant's renewal permit concerned the continued operations of the plant. In the present litigation the plaintiffs sought money damages. The plaintiffs did not dispute the DEP's authority to renew the defendant's permit; rather, the plaintiffs sought compensation as a result of the defendant's continued operations. "[T]he administrative remedy would not have been adequate because administrative relief cannot encompass a monetary award. When administrative relief is inadequate, we do not require a party to exhaust administrative remedies" Cummings v. Tripp, supra,204 Conn. 80. The plaintiffs were not required to exhaust their CT Page 990 administrative remedies.
Primary Jurisdiction
"Under the doctrine of primary jurisdiction, a court must yield jurisdiction over an issue to an administrative panel created by the legislature to deal with such issues. Primary jurisdiction applies where a claim is originally cognizable in the courts, but enforcement of the claim requires, or is materially aided by, the resolution of threshold issues, usually of a factual nature which are placed within the special competence of the administrative body. . . . Ordinarily, a court should not act upon subject matter that is peculiarly within the agency's specialized field without giving the agency an opportunity to apply its expertise. . . ." (Citations omitted; internal quotation marks omitted) Golden Hill Paugussett Tribe ofIndians v. Southbury, 231 Conn. 563, 593-94, 651 A.2d 1246
(1995).
The plaintiffs' claim is not barred by the doctrine of primary jurisdiction. Again, the defendants confuse the issues. Adjudication of a common law nuisance action is not within the "special competence" of the DEP. A common law nuisance action is not in the nature of a dispute which the court must direct to a proper administrative body.[2]
Accordingly, the defendants motion to dismiss is denied in its entirety since this court possessed subject matter jurisdiction to adjudicate the action.
Koletsky, J.