CHRISTOPHER REVERON *v.* BOARD OF
FIREARMS PERMIT EXAMINERS
(AC 31465)

DiPentima, C. J., and Harper and Borden, Js.

Argued May 27—officially released August 31, 2010

*Craig C. Fishbein,* for the appellant (plaintiff).

*Matthew B. Beizer,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Christopher Reveron, appeals from the judgment of the trial court dismissing his administrative appeal from the final decision issued by the defendant, the state board of firearms permit examiners. The defendant, in its final decision, affirmed the revocation by the commissioner of public safety (commissioner) of the plaintiff's state permit to carry pistols or revolvers (pistol permit). We dismiss the appeal as moot.

The relevant facts and procedural history can be summarized as follows. On March 14, 2005, the commissioner revoked the plaintiff's pistol permit as a result

of an incident that occurred in New Haven on the evening of January 30, 2005.[1] The plaintiff filed an appeal with the defendant pursuant to General Statutes § 29-32b (b),[2] and a hearing was held on September 11, 2008. On September 24, 2008, the defendant issued a final decision, affirming the commissioner's revocation of the plaintiff's pistol permit. The plaintiff, pursuant to § 29-32b (f),[3] appealed to the Superior Court from the defendant's decision. By memorandum of decision filed May 26, 2009, the court dismissed the plaintiff's appeal, having found that the defendant's final decision was supported by substantial evidence.

On June 26, 2009, the plaintiff filed the present appeal, raising a number of issues in connection with the revocation of his pistol permit. During the pendency of this appeal, however, it is undisputed that the plaintiff was convicted of carrying a dangerous weapon in violation of General Statutes § 53-206. As a result of that felony conviction, the defendant claims that the plaintiff's appeal is moot, because he is now statutorily prohibited from possessing a pistol permit and, consequently, there is no practical relief that this court can grant. See General Statutes § 29-28 (b). We agree.

"Mootness is a question of justiciability that must be determined as a threshold matter because it implicates [a] court's subject matter jurisdiction . . . . Because

---

[1] On that evening, the plaintiff and three of his friends were involved in an altercation with another individual while exiting a parking lot in New Haven that was near several nightclubs and restaurants. In the course of that altercation, the plaintiff's firearm was stolen from the vehicle in which he was riding.

[2] General Statutes § 29-32b (b) provides in relevant part: "Any person aggrieved by . . . [the] revocation of a [pistol] permit . . . may, within ninety days after receipt of notice of such . . . revocation . . . appeal to the board [of firearms permit examiners]. . . ."

[3] General Statutes § 29-32b (f) provides: "Any person aggrieved by the decision of the board [of firearms permit examiners] may appeal therefrom in accordance with the provisions of section 4-183."

courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable. Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant." (Citation omitted; internal quotation marks omitted.) *In re Jorden R.*, 293 Conn. 539, 555–56, 979 A.2d 469 (2009).

"[A]n actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot. . . . [I]t is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . In determining mootness, the dispositive question is whether a successful appeal would benefit the plaintiff or defendant in any way." (Citations omitted; internal quotation marks omitted.) *Lyon* v. *Jones*, 291 Conn. 384, 393–94, 968 A.2d 416 (2009).

Pursuant to General Statutes § 29-28 (b), "[n]o state or temporary state permit to carry a pistol or revolver shall be issued . . . if the applicant . . . has been convicted of a felony . . . ." At oral argument before this court, the plaintiff, who essentially seeks a reinstatement of his pistol permit, suggested that his felony conviction did not render the appeal moot because practical relief could be afforded in the event that he were to be pardoned. The short answer to this argument is that the possible pardon of the plaintiff is, at best,

speculative and hypothetical at this point. Without any evidence to the contrary, we conclude that the current state of the record demonstrates that there is no practical relief this court can afford the plaintiff and, therefore, the appeal is moot. See *Zampano* v. *L. G. DeFelice, Inc.*, 30 Conn. App. 801, 802, 622 A.2d 1022 (1993).

The appeal is dismissed.