JAVIER SANTOS, SR. *v.* MELISSA S. MORRISSEY
(AC 30349)

Bishop, Alvord and West, Js.

Argued February 4—officially released March 29, 2011

*Javier Santos, Sr.*, pro se, the appellant (plaintiff).

*Patricia A. O'Neil*, with whom, on the brief, was *P. Jo Anne Burgh*, for the appellee (defendant).

*Justine C. Rakich-Kelly*, guardian ad litem for the minor child.

*Opinion*

PER CURIAM. The plaintiff, Javier Santos, Sr., appeals from the trial court's August 26, 2008 judgment denying his motion for modification of an existing visitation order. The defendant, Melissa S. Morrissey, moved to dismiss the present appeal as moot because on January 4, 2011, the trial court issued an order on the plaintiff's new motion for modification of visitation and custody, and that ruling supersedes the judgment appealed in the present case. We agree and, accordingly, dismiss the plaintiff's appeal as moot.

The following facts and procedural history are relevant to this appeal. The parties' minor child was born

in 2001. Since July 22, 2003, the parties have been disputing the nature, frequency and duration of the plaintiff's parenting time.

In a motion filed November 22, 2006, the plaintiff alleged that his then current incarceration was a substantial change in circumstances and sought, inter alia, a decrease in his child support, joint legal custody and supervised visitation for four hours per week. Initially, the court ordered a psychologist to opine as to the best interest of the minor child. On August 26, 2008, the court denied the motion to modify, finding that, inter alia, it would not be in the child's best interest to order visitation with the plaintiff and ordered, inter alia, that the defendant be granted sole custody with visitation only at her discretion (August, 2008 order). The plaintiff appeals from that order.

While this appeal was pending, on February 4, 2010, the plaintiff filed another motion for modification of visitation and custody. The plaintiff claimed therein that the circumstances concerning the matter had changed substantially because he was no longer incarcerated, and he requested joint custody and that the court "[a]ddress/[d]iscuss [v]isitation." Pursuant to that motion, on January 4, 2011, the court ordered that sole custody and primary residence of the minor child remain with the defendant but that the plaintiff be granted supervised visits as recommended by a licensed clinical psychologist.

On January 13, 2011, the defendant filed a motion to dismiss this appeal as moot because the January, 2011 order superseded the August, 2008 order. As directed by this court, the parties addressed the underlying issues of the motion to dismiss during oral argument. Before considering the merits of this appeal, we first determine whether the case has been rendered moot.

"Mootness is a question of justiciability that must be determined as a threshold matter because it implicates [a] court's subject matter jurisdiction . . . . Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable. Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant. . . .

"[A]n actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot. . . . [I]t is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." (Citation omitted; internal quotation marks omitted.) *Reveron* v. *Board of Firearms Permit Examiners*, 123 Conn. App. 475, 477–78, 1 A.3d 1272 (2010).

The January, 2011 order addressed the plaintiff's custody and visitation, the same issues that were decided by the court in its August, 2008 order, and, hence, the January, 2011 order supersedes the August, 2008 order. Thus, we conclude that there is no practical relief that this court can afford the plaintiff, and, therefore, the appeal is moot. See *Zampano* v. *L. G. DeFelice, Inc.*, 30 Conn. App. 801, 802, 622 A.2d 1022 (1993); *Carpenter* v. *Carpenter*, 7 Conn. App. 112, 113 n.2, 507 A.2d 526 (1986). Because the appeal is moot, subject matter jurisdiction is lacking. *Reveron* v. *Board of Firearms Permit*

*Examiners*, supra, 123 Conn. App. 477–78. Accordingly, we grant the defendant's motion to dismiss.

The appeal is dismissed.