COMMISSIONER OF CORRECTION ET AL. *v.*
FREEDOM OF INFORMATION
COMMISSION ET AL.

COMMISSIONER OF CORRECTION *v.* FREEDOM OF
INFORMATION COMMISSION ET AL.
(AC 32409)

Gruendel, Robinson and Alvord, Js.

Argued April 26—officially released June 14, 2011

*David P. Taylor*, pro se, the appellant (defendant).

*Steven R. Strom*, assistant attorney general, with whom were *George Jepsen*, attorney general, and, on the brief, *Gregory T. D'Auria*, senior appellate counsel, and *Michael K. Skold*, assistant attorney general, for the appellee (named plaintiff).

*Opinion*

PER CURIAM. The defendant David P. Taylor appeals from the judgments of the Superior Court sustaining the appeals of the plaintiffs, the commissioner of correction, Steven Petracca, Harry Soucy and AFSCME,

Council 4, Local 387, from the decisions of the defendant freedom of information commission (commission)[1] and prohibiting the disclosure of certain disciplinary records of department of correction (department) employees pursuant to General Statutes § 1-210 (c) and (b) (18)[2] of the Freedom of Information Act (act), General Statutes § 1-200 et seq.[3] We dismiss the defendant's appeal as moot.

The following facts and procedural history are relevant to this appeal. In 2006, while an inmate at the Cheshire Correctional Institution (Cheshire institution),[4] the defendant requested that the department provide him with certain employee disciplinary records

[1] We note that, although two separate decisions of the commission were appealed to the Superior Court, for purposes of our resolution of the present appeal to this court, we need to only address the Superior Court's judgment with respect to Taylor's 2006 request for certain records of the department of correction empolyees.

[2] General Statutes § 1-210 (c) provides in relevant part: "Whenever a public agency receives a request from any person confined in a correctional institution . . . for disclosure of any public record under the Freedom of Information Act, the public agency shall promptly notify the Commissioner of Correction . . . of such request, in the manner prescribed by the commissioner, before complying with the request as required by the Freedom of Information Act. If the commissioner believes the requested record is exempt from disclosure pursuant to subdivision (18) of subsection (b) of this section, the commissioner may withhold such record from such person when the record is delivered to the person's correctional institution . . . ."

General Statutes § 1-210 (b) provides in relevant part: "Nothing in the Freedom of Information Act shall be construed to require disclosure of . . . (18) Records, the disclosure of which the Commissioner of Correction . . . has reasonable grounds to believe may result in a safety risk, including the risk of harm to any person or the risk of an escape from, or a disorder in, a correctional institution or facility under the supervision of the [department] . . . ."

[3] Although the commission also appealed from the judgments of the Superior Court, we note that on July 15, 2010, it withdrew its appeals. Accordingly, Taylor is the sole appellant in the present case. Therefore, we refer to Taylor as the defendant in this opinion.

[4] The defendant is a Connecticut inmate serving a twenty-five year sentence for murder. See *Taylor* v. *Commissioner of Correction*, 284 Conn. 433, 438–39, 936 A.2d 611 (2007). We note that, during oral argument in this appeal, the defendant represented to this court that he has been relocated from the Cheshire institution to Osborn Correctional Institution.

pursuant to the act. The department denied his request, and, in September, 2006, he appealed to the commission. On May 4, 2007, a hearing took place before a commission hearing officer regarding the defendant's request, during which the department claimed that the records were exempt from disclosure under the act pursuant to § 1-210 (c) and (b) (18). Although the hearing officer initially agreed with the department and found the records exempt from disclosure, the hearing officer's decision in this regard subsequently was overruled by the commission on September 12, 2007. The commission reasoned that the department "failed to prove that there [were] reasonable grounds to believe that disclosure of [the records] . . . may result in a risk of harm" as otherwise required for exemption. As such, the commission in its decision ordered that the department disclose the records to the defendant. The plaintiffs then appealed to the Superior Court.

On November 3, 2008, the court issued a memorandum of decision sustaining the plaintiffs' appeals, vacating the commission's decisions ordering the disclosure of the records. In so ruling, the court described that the commission had "erred in finding that the . . . [department] failed to prove it had reasonable grounds that a safety risk may exist, so that the exemption of § 1-210 (b) (18) would not apply." This appeal by the defendant followed.

Initially, the defendant's appeal was transferred from this court to our Supreme Court. During the pendency of the appeal, however, it came to the Supreme Court's attention that the passage of new legislation, specifically, Public Acts 2010, No. 10-58, § 1 (P.A. 10-58),[5] may

[5] Effective upon its passage on May 26, 2010, Public Acts 2010, No. 10-58, § 1, provides in relevant part: "A personnel or medical file or similar file concerning a current or former employee of the [department] . . . including, but not limited to, a record of a security investigation of such employee by the department or an investigation by the department of a discrimination complaint by or against such employee, shall not be subject to disclosure

be dispositive of the defendant's claim. Following supplemental briefing as to the effect of P.A. 10-58, § 1, in the present case, the defendant's appeal was transferred back to this court. In October, 2010, a hearing was held on this court's own motion docket to address whether the defendant's appeal should be dismissed as moot in light of P.A. 10-58, § 1. At the conclusion of the hearing, this court ordered the defendant to file a brief addressing whether P.A. 10-58, § 1, "applies to the issues raised in this case." The defendant complied with that order on December 8, 2010. He now claims that P.A. 10-58, § 1, does not render his appeal moot. We disagree and, accordingly, dismiss his appeal.

"Mootness is a question of justiciability that must be determined as a threshold matter because it implicates [a] court's subject matter jurisdiction. . . . Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable. Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant. . . .

"[A]n actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot. . . . [I]t is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which

under the [act] . . . to any individual committed to the custody or supervision of the Commissioner of Correction . . . ."

no practical relief can follow. . . . In determining mootness, the dispositive question is whether a successful appeal would benefit the plaintiff or defendant in any way." (Citation omitted; internal quotation marks omitted.) *Reveron* v. *Board of Firearms Permit Examiners*, 123 Conn. App. 475, 477–78, 1 A.3d 1272 (2010).

In the present case, it is readily apparent that P.A. 10-58, § 1, renders the defendant's appeal moot. Because P.A. 10-58, § 1, prohibits disclosure of the type of records that the defendant seeks notwithstanding the act, a successful appeal in this case would not benefit him in any way. More specifically, even if this court were to conclude that the Superior Court incorrectly determined that the records were exempt from disclosure under § 1-210 (c) and (b) (18), the defendant would nonetheless be unable to procure the records given the clear wording of P.A. 10-58, § 1.[6] Thus, the determination of the case at bar will not result in practical relief to the defendant, and, as such, his appeal is moot.

The appeal is dismissed.

---

[6] At no time has the defendant argued that the records that he seeks disclosure of under the act do not fall within the scope of P.A. 10-58, § 1.