## MCC FUNDING, LLC *v.* BEVERLY HILLS SUITES, LLC, ET AL.
## (AC 33755)

DiPentima, C. J., and Beach and Bear, Js.

Submitted on briefs May 25—officially released July 24, 2012

*William F. Gallagher* filed a brief for the appellants (named defendant et al.).

*Robert Laplaca* filed a brief for the appellee (plaintiff).

PER CURIAM. The defendants Beverly Hills Suites, LLC, and Sharok Jacobi[1] appeal from the summary judgment of strict foreclosure rendered in favor of the plaintiff, MCC Funding, LLC. On appeal, the defendants claim that the court abused its discretion in denying their request for a continuance to present their own appraisal report on the property. We disagree with the defendants, affirm the judgment of the trial court and remand the matter to the trial court to set a new law day.

The following facts and procedural history are relevant to the resolution of this appeal. By a complaint dated September 14, 2010, the plaintiff commenced this foreclosure of commercial property located in Windsor Locks. Beverly Hills Suites, LLC, was the owner of the property, a hotel, and Jacobi is a guarantor of the debt. The property was subject to various subordinate mortgages and proceedings in Bankruptcy Court.

In a motion dated April 28, 2011, the plaintiff moved for summary judgment against the defendants. On June 21, 2011, the court issued an order granting the motion for summary judgment as to liability only in favor of the plaintiff. The plaintiff later moved for a judgment of strict foreclosure. In this motion, the plaintiff included an appraisal report indicating that the fair

---

[1] Although other defendants were named in the proceedings before the trial court, only Beverly Hills Suites, LLC, and Jacobi are parties to this appeal.

market value of the property was $1,400,000. The affidavit of debt listed an outstanding balance of $6,196,003.33. This amount included the unpaid principal balance of $3,700,000, interest from January 29, 2009 to January 29, 2010, of $37,000, default interest from January 30, 2010 to July 1, 2011, of $1,671,005.48, late charges of $224,220 and advances to operate the hotel of $563,777.85. On July 18, 2011, the court granted the motion for a judgment of strict foreclosure and accepted the fair market value and outstanding debt listed in the plaintiff's motion. It also set the law day for August 9, 2011.

The defendants filed the present appeal on August 8, 2011. The plaintiff filed a motion to terminate the automatic appellate stay on August 11, 2011. The trial court granted that motion on September 20, 2011, and set a new law day of October 1, 2011. On September 29, 2011, the defendants filed a motion for review of that decision, triggering another appellate stay. This court granted the motion for review, but denied the relief requested.

On appeal, the defendants claim that the court improperly denied their request for a continuance to present an appraisal of the subject property. Specifically, they argue that the court abused its discretion in denying the motion for a continuance because it acted arbitrarily and prejudiced their ability to present a defense. We are not persuaded that the court abused its discretion.

In its brief, the plaintiff argues that the defendants' appeal is moot because the law days have passed and title to the property has vested in the plaintiff. "Mootness is a question of justiciability that must be determined as a threshold matter because it implicates [a] court's subject matter jurisdiction . . . . Because courts are established to resolve actual controversies,

before a claimed controversy is entitled to a resolution on the merits it must be justiciable. . . . [A]n actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot. . . . [I]t is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." (Citation omitted; internal quotation marks omitted.) *Reveron* v. *Board of Firearms Permit Examiners*, 123 Conn. App. 475, 477–78, 1 A.3d 1272 (2010).

In the present case, the original law day set by the trial court was August 9, 2011. The defendants' appeal, filed the previous day, stayed the proceedings. The trial court terminated the appellate stay and set a new law day of October 1, 2011. The defendants filed a motion for review in this court, which stayed the trial court's order. We denied the relief requested in the motion for review on November 9, 2011, three months after the original law day and approximately five weeks after the new law day.

"[O]nce an appeal is taken, a stay is automatically imposed on the foreclosure action. See Practice Book § 61-11. Whether the appeal is dismissed or remanded to the trial court, the trial court will necessarily have to set new law days. One of the distinguishing features of a defendant's appeal from a judgment of strict foreclosure is that a remand to the trial court is almost always required, even if the appeal resulted in a finding of no error in entry of the original judgment. Since the taking of an appeal stays the passing of the law days,

once the appeal is concluded the trial court must once again act on the case and set new law days. D. Caron, Connecticut Foreclosures (2d Ed. 1989) § 17.03." (Internal quotation marks omitted.) *L & R Realty* v. *Connecticut National Bank*, 53 Conn. App. 524, 548–49, 732 A.2d 181, cert. denied, 250 Conn. 901, 734 A.2d 984 (1999). We conclude, therefore, that the defendants' appeal is not moot because title has not vested in the plaintiff.[2] By virtue of the postjudgment proceedings in both courts and our determination of the merits of the defendants' appellate claims, a new law day must be set at the conclusion of this appeal. Id., 549.

The sole issue raised by the defendants is that the court abused its discretion in denying their request for a continuance to present their appraisal report on the property. We are not persuaded by the defendants' claim.

After summary judgment had been rendered against the defendants, the plaintiff moved for a judgment of strict foreclosure on July 1, 2011. It also filed an affidavit of an appraiser, Matthew C. Mondanile, who averred

---

[2] The plaintiff also argues that the appeal is moot because the defendants filed their own appraisal report with the trial court at the deficiency hearing. In this report, the appraised value of the property was $4,200,000. The plaintiff contends that because this value is lower than the total debt found by the court, the defendants cannot obtain any practical relief from the order of strict foreclosure.

"The decision whether to order a strict foreclosure or a sale lies within the discretion of the court." *National City Mortgage Co.* v. *Stoecker*, 92 Conn. App. 787, 794, 888 A.2d 95, cert. denied, 277 Conn. 925, 895 A.2d 799 (2006); see also General Statutes § 49-24; 1 D. Caron & G. Milne, Connecticut Foreclosures (5th Ed. 2011) § 6-2:1.6, p. 320. It is possible that the court, had it considered the defendants' appraisal, would not have rendered a judgment of strict foreclosure. Simply put, even given the lower value of the appraisal done by the defendants' expert as compared with the debt found by court, it does not follow that the court had no option except to render a judgment of strict foreclosure. We therefore reject the plaintiff's argument.

that the fair market value of the property was $1,400,000. The plaintiff also submitted an affidavit of debt of $6,196,003.33. The defendants did not file a response to these submissions. At a hearing on July 18, 2011, the plaintiff's counsel indicated that interest was accruing at $4000 per day and that the plaintiff had spent approximately $500,000 on the property since the beginning of the action. Counsel for the defendants challenged the plaintiff's claim regarding the $500,000 and argued that the property was worth more than the plaintiff's appraisal. The defendants then requested a continuance to conduct their own appraisal. The court denied the request by making findings regarding the debt, the value of the property and setting the law day.

"The matter of continuance is traditionally within the discretion of the trial judge . . . . Decisions to grant or to deny continuances are very often matters involving judicial economy, docket management or courtroom proceedings and, therefore, are particularly within the province of a trial court. . . . Whether to grant or to deny such motions clearly involves discretion, and a reviewing court should not disturb those decisions, unless there has been an abuse of that discretion, absent a showing that a specific constitutional right would be infringed. . . . Our Supreme Court has articulated a number of factors that appropriately may enter into an appellate court's review of a trial court's exercise of its discretion in denying a motion for a continuance. Although resistant to precise cataloguing, such factors revolve around the circumstances before the trial court at the time it rendered its decision, including: the timeliness of the request for continuance; the likely length of the delay; the age and complexity of the case; the granting of other continuances in the past; the impact of delay on the litigants, witnesses, opposing counsel and the court; the perceived legitimacy of the reasons

proffered in support of the request; [and] the defendant's personal responsibility for the timing of the request . . . ." (Internal quotation marks omitted.) *Campbell* v. *Campbell,* 120 Conn. App. 760, 764–65, 993 A.2d 984 (2010). Put another way, "[a]n abuse of discretion must be proven by the appellant by showing that the denial of the continuance was unreasonable or arbitrary. . . . One relevant factor that a court may consider in evaluating a motion for a continuance is the perceived legitimacy of the reasons proffered in support of the motion." (Internal quotation marks omitted.) *Jaramillo* v. *Case,* 100 Conn. App. 815, 832, 919 A.2d 1061, cert. denied, 283 Conn 902, 926 A.2d 670 (2007); see also *de Repentigny* v. *de Repentigny,* 121 Conn. App. 451, 454–55, 995 A.2d 117 (2010).

The defendants made their request for a continuance during the hearing that occurred seventeen days after the plaintiff had moved for a judgment of strict foreclosure. "We are especially hesitant to find an abuse of discretion where the court has denied a motion for continuance made on the day of trial." (Internal quotation marks omitted.) *Bove* v. *Bove,* 93 Conn. App. 76, 84, 888 A.2d 123, cert. denied, 277 Conn. 919, 985 A.2d 788 (2006). Additionally, the court noted that the plaintiff incurred harm as a result of a substantial sum of unpaid interest, and the advancement of more than $560,000 to operate the hotel. Finally, the court expressly stated that the defendants would be permitted to challenge the amount of the advanced money and the fair market value at the subsequent deficiency hearing. We conclude, therefore, on the basis of our review of the record and briefs, that the defendants have failed to establish that the court abused its discretion.

The judgment is affirmed and the case is remanded for the purpose of setting a new law day.