******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

SHAUNA DEMPSEY *v.* VINCENT CAPPUCCINO
(AC 42751)

Prescott, Elgo and Devlin, Js.

*Syllabus*

The plaintiff appealed to this court from the judgment of the trial court granting the parties joint legal custody of their minor child and giving the defendant unsupervised visitation. The plaintiff claimed that the trial court erred in awarding the defendant unsupervised visitation and in not finding that he had substance abuse issues. After the commencement of her appeal, the plaintiff filed a postjudgment motion to modify the custody and visitation order. The court modified the visitation order, changing the defendant's visitation to supervised visits and finding that the defendant had substance abuse issues. *Held* that the plaintiff's appeal was dismissed as moot because the aspects of the custody order that she challenged on appeal were superseded by the subsequent order issued in response to the plaintiff's motion to modify; moreover, although an order superseding the order of joint legal custody was not issued, the plaintiff failed to adequately brief this issue on appeal and, therefore, any claim of error pertaining to the order of joint custody was not properly before this court.

Argued May 22—officially released October 6, 2020

*Procedural History*

Application for custody of the parties' minor child, and for other relief, brought to the Superior Court in the judicial district of Hartford and tried to the court, *Klatt, J.*; judgment granting, inter alia, joint legal custody to the parties and visitation rights to the defendant, from which the plaintiff appealed to this court; thereafter, the court, *M. Murphy, J.*, granted in part the plaintiff's motion to modify custody and access and denied the plaintiff's motion for contempt. *Appeal dismissed.*

*Steven R. Dembo*, with whom were *Caitlin E. Kozloski* and, on the brief, *P. Jo Anne Burgh*, for the appellant (plaintiff).

*Adam J. Teller*, for the guardian ad litem.

*Opinion*

DEVLIN, J. The plaintiff, Shauna Dempsey, appeals from the February 21, 2019 judgment of the trial court awarding the defendant, Vincent Cappuccino, unsupervised visitation rights with their minor child. On appeal, she claims that the court erred by allowing the defendant unsupervised visits without requiring any testing for marijuana use, finding that the defendant does not have a substance abuse problem, and denying her motion for reargument and reconsideration. On February 20, 2020, the court issued subsequent orders that superseded the visitation orders that are challenged on appeal. We therefore dismiss the appeal as moot.[1]

The following undisputed facts and procedural history are relevant to this appeal. The parties met in 2014, and had a romantic relationship that lasted approximately four years but were never married. In September, 2015, the plaintiff gave birth to the parties' only child (minor child). Since the minor's child's birth, the plaintiff has lived with the minor child in her parents' home in Avon. Although the defendant previously lived in Connecticut, he has lived with his parents in Norfolk, Massachusetts since March, 2016. On January 17, 2018, the plaintiff filed a custody application requesting, inter alia, sole legal custody of the minor child. In response, the defendant moved for joint legal custody of the minor child with the minor child's primary residence with the plaintiff and an appropriate parenting schedule. On June 7, 2018, by agreement of the parties, the court appointed Attorney Rhonda Morra to serve as the guardian ad litem for the minor child.

Trial commenced on February 20, 2019. During trial, the guardian ad litem and the parties testified to the defendant's struggles with chemical dependency. In 2016, he was convicted of driving under the influence and later, in 2018, an ignition interlock device was installed in his vehicle, which requires the driver to test negative for the presence of alcohol before the engine will start. In March, 2016, he overdosed on heroin and Xanax, which prompted his move to Norfolk, Massachusetts. In 2017, he overdosed once more. According to the defendant, since 2017, he has not used heroin and has not abused prescription medication. He further testified, though, that he routinely self-administers medicinal marijuana every evening to treat his anxiety. On March 24, 2018, following the commencement of this proceeding, he obtained a prescription for marijuana to treat his anxiety, insomnia, and back pain.[2] Despite numerous requests to do so, he did not provide any record of his drug treatment history after 2014 to either the guardian ad litem or to the court. The defendant also failed to complete two hair follicle tests and a random urinalysis test sought in advance of trial.

On February 21, 2019, the trial concluded and the

court, *Klatt, J.*, entered orders that, inter alia, the parties would have joint legal custody of the minor child with primary residence with the plaintiff; the defendant would have one hour of unsupervised visitation with the minor child in a public location every week, which would increase incrementally at later scheduled dates; the defendant would continue to be routinely tested for alcohol and his visitation rights would be terminated upon any test showing a blood alcohol content of greater than 0.01; and the defendant would not use marijuana within forty-eight hours of visiting the minor child. Judge Klatt did not order any further testing of the defendant for marijuana. Judge Klatt also found that "[b]oth [parties] currently are . . . clean and sober . . . that is substance abuse free, and have been since mid-2017." On March 29, 2019, the plaintiff filed the present appeal raising challenges to these orders.

Following the entry of the February 21, 2019 judgment and the commencement of this appeal, the plaintiff moved the Superior Court to modify Judge Klatt's visitation order, and later moved the court to hold the defendant in contempt for allegedly violating Judge Klatt's order to not consume alcohol. These motions were consolidated, and the trial court, *M. Murphy, J.*, conducted three days of hearings on the motions. On February 20, 2020, Judge Murphy entered a modified visitation order that provided, inter alia: except for two weekends in March, 2020, the defendant's parenting time would take place only at his parents' home in Massachusetts, and one of his parents would be present at all times during the minor child's visit; the defendant was not to consume alcohol or marijuana for twenty-four hours prior to and during his parenting time; the defendant was not permitted to operate a motor vehicle with the minor child in the car; the defendant was required to submit to a hair follicle drug test every three months and to a Soberlink blood alcohol test prior to the start of his parenting time and periodically during his parenting time; a positive test—defined as either a hair follicle test showing the presence of a substance not medically prescribed to the defendant or a blood alcohol content of 0.02 or greater, a missed test, a belated test, or a test that is unable to be completed due to the defendant having insufficient hair—results in immediate suspension of his parenting time until further court order; and the defendant was ordered to provide the plaintiff with the results of positive alcohol or drug tests. Judge Murphy also found that the defendant "has a substance [abuse] problem, which affects his ability to care for his child."

On appeal, the plaintiff challenges Judge Klatt's February 21, 2019 order permitting the defendant to have unsupervised visits with the minor child, prohibiting the defendant from consuming marijuana within forty-eight hours of his visits with the minor child without requiring regular drug testing, and finding that the

defendant does not have a substance abuse problem. The plaintiff's central claim is that, given the defendant's prior substance abuse problems, Judge Klatt's orders were insufficient to protect the minor child's safety. Judge Murphy's subsequent orders, mandating supervised visitation, directly address this issue.

We first address whether the plaintiff's claims on appeal are moot as a result of Judge Murphy's February 20, 2020 orders. "When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot. . . . It is axiomatic that if the issues on appeal become moot, the reviewing court loses subject matter jurisdiction to hear the appeal. . . . It is a [well settled] general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal." (Citation omitted; internal quotation marks omitted.) *Kennedy* v. *Kennedy*, 109 Conn. App. 591, 599, 952 A.2d 115 (2008); see also *Santos* v. *Morrissey*, 127 Conn. App. 602, 605, 14 A.3d 1064 (2011).

In light of the foregoing principles, on August 16, 2020, this court issued an order allowing the parties to file supplemental briefs "to address the issue of whether the orders issued by Judge Klatt, that are the subject of this appeal, have been superseded by the February 20, 2020 orders entered by Judge Murphy such that the issues in the present appeal are now moot." On August 11, 2020, the plaintiff filed a supplemental brief in accordance with that order and, on August 14, 2020, the guardian ad litem for the minor child filed a notice adopting the position set forth in the plaintiff's brief.

In her supplemental brief, the plaintiff argues that her appeal is not moot because Judge Murphy's orders did not supplant Judge Klatt's order that the parties would share joint legal custody of the minor child. Although that is true—Judge Murphy did not issue an order superseding Judge Klatt's order of joint legal custody—the plaintiff's initial brief to this court cannot reasonably be read as a challenge to that order. The plaintiff's entire brief is focused solely on the risk posed to the minor child by Judge Klatt's order that the defendant enjoy unsupervised visitation with the minor child. Although the plaintiff broadly appeals from Judge Klatt's orders, nowhere in her brief does she mount any factual or legal challenge to the order of joint custody. Because the plaintiff did not brief any claim of error pertaining to the custody order, any such claim is not properly before us. See *Stubbs* v. *ICare Management*,

*LLC*, 198 Conn. App. 511, 529,      A.3d      (2020) ("We are not required to review issues that have been improperly presented to this court through an inadequate brief . . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs . . . . The parties may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited." (Internal quotation marks omitted.)) Therefore, the fact that Judge Murphy did not enter any order that superseded Judge Klatt's joint custody order is immaterial to the issue of whether the orders that the plaintiff has challenged are moot, an issue that the plaintiff did not address in her supplemental brief.[3]

Judge Klatt's February 21, 2019 orders that the plaintiff has in fact challenged—the unsupervised visitation orders—have been superseded by Judge Murphy's February 20, 2020 order and are no longer in effect. The plaintiff's appeal from Judge Klatt's visitation order focuses on her decision to not require the defendant to submit to any drug testing. Following Judge Murphy's orders, however, the defendant is now required to submit to hair follicle tests every three months. Furthermore, aside from two weekends in March, 2020, the defendant is no longer permitted to have unsupervised visits with the minor child. Put differently, Judge Klatt's order permitting the defendant to have unsupervised visits with the minor child has been superseded by Judge Murphy's order permitting only supervised visits with the minor child starting in April, 2020. Moreover, the plaintiff is no longer aggrieved by Judge Klatt's earlier finding that the defendant does not have a substance abuse problem because Judge Murphy subsequently found that the defendant does have a substance abuse problem. As a result, each aspect of Judge Klatt's February 21, 2019 orders that the plaintiff challenges on appeal is no longer in effect, and she has not amended her appeal to challenge Judge Murphy's February 20, 2020 order. Thus, we conclude that there is no practical relief that this court can afford the plaintiff and, therefore, the plaintiff's appeal is moot. See, e.g., *Thunelius* v. *Posacki*, 193 Conn. App. 666, 686, 220 A.3d 194 (2019); *Kennedy* v. *Kennedy*, supra, 109 Conn. App. 599–600.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] The defendant did not file a brief, and we have ordered that this appeal be considered on the basis of the plaintiff's brief, oral argument, and the record alone.

[2] We note that the palliative use of marijuana is permitted, subject to certain restrictions, under the laws of Connecticut and Massachusetts. See General Statutes § 21a-408a (a); Mass. Ann. Laws ch. 94*I*, § 2 (a) (LexisNexis 2018).

[3] Also immaterial to the mootness issue are the plaintiff's complaints about

alleged deficiencies in Judge Murphy's present visitation orders.

_____