******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

MEINEKE BRISTOL, LLC *v.* PREMIER
AUTO, LLC, ET AL.

MARIAMMA BABU, LLC *v.* PREMIER
AUTO, LLC, ET AL.

585 MAIN STREET, LLC *v.* PREMIER
AUTO, LLC, ET AL.

PREMIER AUTO, LLC *v.* AMERICAN TRADING
COMPANY, INC., ET AL.
(AC 46467)

Cradle, Suarez and Westbrook, Js.

*Syllabus*

P Co. and F appealed to this court from the judgments rendered by the trial
court in four related civil actions that were consolidated for trial and
that encompassed various claims by multiple entities concerning the
sale of three businesses to P Co. and associated leases, notes, and
guarantee agreements. *Held*:

1. This court dismissed the portion of the appeal related to P Co. and F's
claim that the trial court abused its discretion when it precluded them
from presenting certain evidence at trial; because P Co. and F failed to
challenge on appeal each of two independent grounds on which the
trial court excluded the evidence, this court could not grant them any
practical relief.

2. This court declined to consider the merits of P Co.'s claim that the trial
court erred in determining that P Co. failed to prove its breach of
contract cause of action, as P Co. failed to provide an adequate record
for review.

Argued May 21—officially released July 30, 2024

*Procedural History*

Action, in the first case, to recover damages for, inter
alia, fraudulent transfer, and for other relief, brought
to the Superior Court in the judicial district of New
Britain, Housing Session, action, in the second case, to
recover damages for, inter alia, fraudulent transfer, and
for other relief, brought to the Superior Court in the
judicial district of Middlesex, action, in a third case, to
recover damages for, inter alia, fraudulent transfer, and

for other relief, brought to the Superior Court in the judicial district of Fairfield, Housing Session at Bridgeport, and action, in a fourth case, to recover damages for, inter alia, breach of contract, and for other relief, brought to the Superior Court in the judicial district of Middlesex; thereafter, the first two cases were transferred to the Superior Court in the judicial district of Fairfield, Housing Session at Bridgeport; subsequently, the cases were consolidated and transferred to the Superior Court in the judicial district of Hartford, Complex Litigation Docket, where the named defendant in the first three cases and the defendants in the fourth case filed various counterclaims; thereafter, Michael J. Flynn was cited in as a defendant in the first three cases, and Patrick Flynn was cited in as a counterclaim defendant in the fourth case; subsequently, the plaintiff in each of the first three cases withdrew its claims as against Michael J. Flynn; thereafter, the cases were tried to the court, *Farley, J.*; judgment in each of the first three cases for Patrick Flynn on the counts of the complaints alleging fraudulent transfer, for the plaintiff in each of the first three cases on all remaining counts of the complaints and on the counterclaims, and judgment for the defendants in the fourth case on the complaint and on the counterclaim, from which Premier Auto, LLC, et al. appealed to this court. *Appeal dismissed in part*; *affirmed.*

*Paul H. D. Stoughton*, for the appellants (named defendant et al. in the first three cases and named plaintiff in the fourth case).

*Colin B. Connor*, for the appellee (plaintiff in the first case).

*Opinion*

SUAREZ, J. Premier Auto, LLC (Premier Auto), and Patrick Flynn appeal from the judgments rendered by the trial court in four related civil actions that were

consolidated for trial.[1] The actions encompass various claims by multiple entities concerning the sale by Vazhayil Babu of three businesses as well as associated leases, notes, and guarantee agreements to Premier

---

[1] In *Meineke Bristol, LLC* v. *Premier Auto, LLC*, Superior Court, judicial district of Hartford, Docket No. CV-20-5066300-S, Meineke Bristol, LLC, brought an action against Premier Auto, Patrick Flynn, and Michael J. Flynn. Counts one and two of the amended complaint, directed at Premier Auto, sounded in breach of commercial lease and unjust enrichment, respectively. Counts three, four, and five, directed at Patrick Flynn, sounded in breach of personal guarantee, fraudulent transfer, and common-law fraudulent conveyance, respectively. Counts six and seven, directed at Michael J. Flynn, sounded in fraudulent transfer and common-law fraudulent conveyance, respectively. Premier Auto filed a two count counterclaim sounding in intentional misrepresentation and negligent misrepresentation.

In *Mariamma Babu, LLC* v. *Premier Auto, LLC*, Superior Court, judicial district of Hartford, Docket No. CV-20-5066301-S, Mariamma Babu, LLC, brought an action against Premier Auto, Patrick Flynn, and Michael J. Flynn. Counts one and two of the amended complaint, directed at Premier Auto, sounded in breach of commercial lease and unjust enrichment, respectively. Counts three, four, and five, directed at Patrick Flynn, sounded in breach of personal guarantee, fraudulent transfer, and common-law fraudulent conveyance, respectively. Counts six and seven, directed at Michael J. Flynn, sounded in fraudulent transfer and common-law fraudulent conveyance, respectively. Premier Auto filed a two count counterclaim sounding in intentional misrepresentation and negligent misrepresentation.

In *585 Main Street, LLC* v. *Premier Auto, LLC*, Superior Court, judicial district of Hartford, Docket No. CV-20-5066302-S, 585 Main Street, LLC, brought an action against Premier Auto, Patrick Flynn, and Michael J. Flynn. Counts one and two of the amended complaint, directed at Premier Auto, sounded in breach of commercial lease and unjust enrichment, respectively. Counts three, four, and five, directed at Patrick Flynn, sounded in breach of personal guarantee, fraudulent transfer, and common-law fraudulent conveyance, respectively. Counts six and seven, directed at Michael J. Flynn, sounded in fraudulent transfer and common-law fraudulent conveyance, respectively. Premier Auto filed a two count counterclaim sounding in intentional misrepresentation and negligent misrepresentation.

In *Premier Auto, LLC* v. *American Trading Co.*, Superior Court, judicial district of Hartford, Docket No. CV-20-5066305-S, Premier Auto brought an action against American Trading Company, Inc.; Babu & Sons, LLC; Bristol Muffler, Inc.; Vital, Inc.; and Vazhayil Babu. In its revised complaint, Premier Auto alleged causes of action sounding in breach of contract, intentional misrepresentation, and negligent misrepresentation. American Trading Company, Inc.; Babu & Sons, LLC; Bristol Muffler, Inc.; Vital, Inc.; and Vazhayil Babu thereafter filed various counterclaims against Premier Auto sounding in breach of contract. On February 18, 2021, Patrick Flynn was cited in as a counterclaim defendant in this action.

In light of the fact that Premier Auto and Patrick Flynn had various party designations at the time of trial, for simplicity we will refer in this opinion to these parties by name, rather than by a party designation.

Auto. On appeal, Premier Auto and Patrick Flynn claim that the trial court abused its discretion when it precluded them from presenting certain evidence. Premier Auto also claims that the court erred in determining that Premier Auto failed to prove its breach of contract cause of action. For the reasons set forth subsequently in this opinion, we conclude that the portion of the appeal concerning the first claim is moot and must be dismissed. With respect to the remaining claim in this appeal, we affirm the judgments of the trial court.

The following facts, as found by the court, *Farley, J.*, and procedural history are relevant to the resolution of this appeal. "These four consolidated actions arise out of a purchase and sale agreement for three Meineke auto repair shops, along with two notes associated with the agreement, three commercial leases for the three shop locations in Bristol, Middletown and Monroe, Connecticut, and guarantee agreements associated with the notes and leases. In *Premier Auto, LLC* v. *American Trading Co.*, Superior Court, judicial district of Hartford, Docket No. CV-20-5066305-S, Premier Auto sued several corporate entities[2] that constitute the 'seller' in the purchase and sale agreement as well as the seller's individual 'controlling stockholder'[3] (collectively referred to as the 'Babu defendants'). The suit alleges a breach of the purchase and sale agreement, intentional misrepresentation, and negligent misrepresentation. The Babu defendants have asserted a counterclaim against Premier Auto and added Patrick Flynn, the guarantor of the notes, as an additional counterclaim defendant. The counterclaim alleges breach of the purchase and sale agreement, the notes and the guarantee. In *Meineke Bristol, LLC* v. *Premier Auto, LLC*, Superior Court, judicial district of Hartford, Docket No. CV-20-

---

[2] "The defendant entities are: American Trading Company, Inc.; Babu & Sons, LLC; Bristol Muffler, Inc.; and Vital, Inc. (the 'Babu entities')."

[3] "The individual defendant is Vazhayil Babu ('Babu')."

5066300-S, *Mariamma Babu, LLC* v. *Premier Auto, LLC*, Superior Court, judicial district of Hartford, Docket No. CV-20-5066301-S, and *585 Main Street, LLC* v. *Premier Auto, LLC*, Superior Court, judicial district of Hartford, Docket No. CV-20-5066302-S, the named plaintiffs (the 'landlord plaintiffs') at the three locations seek to recover past and accelerated rents pursuant to the leases and associated guarantees. They also assert a fraudulent transfer claim against [Patrick] Flynn, the guarantor. Premier Auto and [Patrick] Flynn plead intentional and negligent misrepresentation as a defense and assert counterclaims against the landlord plaintiffs alleging intentional and negligent misrepresentation.

"The case was tried to the court for two days, followed by posttrial briefing. The court finds the issues in favor of the landlord plaintiffs on their claims for breach of the lease agreements and associated guarantees and against Premier Auto and [Patrick] Flynn on the counterclaims asserted in those collection actions. The court finds in favor of [Patrick] Flynn on the fraudulent transfer claims. The court finds in favor of the Babu defendants and against Premier Auto on its breach of contract claim and its intentional and negligent misrepresentation claims in *Premier Auto, LLC* v. *American Trading Co.* and finds in favor of the Babu defendants on their counterclaims in that case for breach of contract against Premier Auto and breach of guarantee against [Patrick] Flynn."[4] (Footnotes in original.) This

---

[4] The court set forth its award of damages as follows: "In *Premier Auto, LLC* v. *American Trading Co.*, supra, Superior Court, Docket No. CV-20-5066305-S, the court enters judgment against the plaintiff, Premier Auto, on its complaint and in favor of the defendants against Premier Auto and [Patrick] Flynn as follows on the counterclaims. Judgment enters on count one of the counterclaims against Premier Auto and in favor of American Trading Company, Inc.; Bristol Muffler, Inc.; and Vital, Inc., in the amount of $1 each, plus costs and attorney's fees of $36,727.05. Judgment enters on count one in favor of Babu & Sons, LLC, in the amount of $299,347.08, plus costs and attorney's fees of $36,727.05. Judgment enters on count two of the counterclaims against Premier Auto and in favor of Babu & Sons, LLC, in the amount of $130,368.90. Judgment enters on count three of the

appeal followed. Additional facts and procedural history will be set forth as necessary.

I

Premier Auto and Patrick Flynn first claim that the court abused its discretion when it precluded them from presenting certain evidence at trial. We conclude that this claim is moot.

counterclaims against Premier Auto and in favor of Babu & Sons, LLC, in the amount of $168,978.18. Judgment enters on count four of the counterclaims against Patrick Flynn and in favor of Babu & Sons, LLC, in the amount of $299,347.08, plus costs and attorney's fees in the amount of $36,727.05. The damages awarded in count four are duplicative of the damages awarded under counts two and three, which, in turn, are duplicative of the damages awarded to Babu & Sons, LLC, on count one. $299,347.08 is the maximum amount Babu & Sons, LLC, may recover from either or both of Premier Auto and [Patrick] Flynn on the counterclaims. The award of attorney's fees is duplicative as to all parties and on all counts and recoverable only once against Premier Auto and/or [Patrick] Flynn.

"In *Meineke Bristol, LLC* v. *Premier Auto, LLC*, supra, Superior Court, Docket No. CV-20-5066300-S, judgment enters in favor of the plaintiff and against the defendants, Premier Auto and Patrick Flynn, on the plaintiff's complaint in the amount of $392,438.45, plus costs and attorney's fees in the amount of $22,196.13, for a total judgment of $414,634.58. The judgment against Premier Auto is duplicative of the judgment against [Patrick] Flynn and may only be recovered up to the amount of $414,634.58 against either or both of them. Judgment enters against Premier Auto on its counterclaims.

"In *Mariamma Babu, LLC* v. *Premier Auto, LLC*, supra, Superior Court, Docket No. CV-20-5066301-S, judgment enters in favor of the plaintiff and against the defendants, Premier Auto and Patrick Flynn, on the plaintiff's complaint in the amount of $647,125.66, plus costs and attorney's fees in the amount of $22,196.13, for a total judgment of $669,321.79. The judgment against Premier Auto is duplicative of the judgment against [Patrick] Flynn and may only be recovered up to the amount of $669,321.79 against either or both of them. Judgment enters against Premier Auto on its counterclaims.

"In *585 Main Street, LLC* v. *Premier Auto, LLC*, supra, Superior Court, Docket No. CV-20-5066302-S, judgment enters in favor of the plaintiff and against the defendants, Premier Auto and Patrick Flynn, on the plaintiff's complaint in the amount of $1,268,213.95, plus costs and attorney's fees in the amount of $22,196.13, for a total judgment of $1,290,410.08. The judgment against Premier Auto is duplicative of the judgment against [Patrick] Flynn and may only be recovered up to the amount of $1,290,410.08 against either or both of them. Judgment enters against Premier Auto on its counterclaims."

The following additional facts and procedural history are relevant to this claim. On the second day of trial, Premier Auto attempted to introduce into evidence, through Patrick Flynn's testimony during its case-in-chief, a marketing brochure. Premier Auto and Patrick Flynn represent that this document had been prepared by an agent of the Babu defendants and was given to and relied on by Premier Auto and Patrick Flynn prior to the purchase of the Meineke franchises. It is also undisputed that, contrary to discovery requests and a trial management order, Premier Auto had not produced this document prior to the second day of trial. The Babu defendants and the landlord plaintiffs objected to its admission on several grounds, including lack of authentication, hearsay, and late disclosure. The court sustained the objection.

In its memorandum of decision, the court stated that it excluded the brochure on two grounds: lack of authentication and late disclosure. The court reasoned that "[t]he circumstances under which the brochure was produced, in the middle of the trial even though it ostensibly constituted the heart of the proponents' case, without any authentication by either the Babu [defendants] or [their broker, Ken] Stein, left the authenticity of the materials in question. Principally, however, the court excluded these materials because they should have been produced long before the trial and, at a minimum, when the parties submitted their compliance with the trial management order. [Patrick] Flynn testified that after the first day of evidence he 'realized the importance of spending additional time trying to locate a copy' of the brochure. He should have realized its importance when responding to discovery and preparing exhibits for trial. The Babu defendants . . . were prejudiced by the failure of Premier Auto and [Patrick] Flynn to locate and produce this material sooner than halfway through

the trial. The Babu defendants had no fair and reasonable opportunity to investigate and defend a claim based on this material.”

The court expressly relied on two independent legal grounds in precluding the evidence at issue. In their appellate brief, Premier Auto and Patrick Flynn merely assert that their late disclosure of the brochure could not have prejudiced the Babu defendants because it was prepared by a third party on the Babu defendants’ behalf. Thus, Premier Auto and Patrick Flynn challenge the court’s ruling on only one ground, that the evidence was prejudicial due to its untimely disclosure. Premier Auto and Patrick Flynn do not challenge the court’s conclusion that the evidence was not properly authenticated.

“[W]here alternative grounds found by the reviewing court and unchallenged on appeal would support the trial court’s judgment, independent of some challenged ground, the challenged ground that forms the basis of the appeal is moot because the court on appeal could grant no practical relief to the complainant.” (Internal quotation marks omitted.) *Horenian* v. *Washington*, 128 Conn. App. 91, 99, 15 A.3d 1194 (2011); see also *Bongiorno* v. *J & G Realty, LLC*, 211 Conn. App. 311, 322, 272 A.3d 700 (2022).

Therefore, because the appellants have not challenged on appeal each independent ground for excluding the proffered exhibit, we cannot grant them any practical relief with respect to their first claim. Accordingly, we dismiss the portion of the appeal related to that claim as moot.

II

Premier Auto next claims that the court erred in determining that it failed to prove its breach of contract cause of action. We decline to reach the merits of this

claim because Premier Auto has failed to provide an adequate record for review.

The following factual and procedural history is relevant to our resolution of this claim. One of the core factual disputes at trial was whether certain tax returns containing adverse financial information about the Meineke franchises were disclosed to Patrick Flynn. Patrick Flynn testified that there was never any such disclosure from either the Babu defendants or Stein. Premier Auto claimed before the trial court that the failure to disclose these materials amounted to a breach of the purchase and sale agreement. The Babu defendants argued that the records were turned over to Stein with the direction for them to be given to Premier Auto and Patrick Flynn. Stein was not called to testify at trial, and no other evidence as to whether the tax returns were disclosed was presented. In its memorandum of decision, the court "[found] the evidence in equipoise, requiring the conclusion that Premier Auto failed to carry its burden on the issue." Premier Auto now argues that the evidence was not in equipoise and, in actuality, "the evidence of nondisclosure was clear and unequivocal."

"Factual findings are subject to a clearly erroneous standard of review. . . . It is well established that [a] finding of fact will not be disturbed unless it is clearly erroneous in view of the evidence and pleadings in the whole record. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed . . . . Our authority, when reviewing the findings of a judge, is circumscribed by the deference we must give to decisions of the trier of fact, who is usually in a superior position to appraise and weigh the evidence. . . . The question for this court . . . is

not whether it would have made the findings the trial court did, but whether in view of the evidence and pleadings in the whole record it is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *J. M.* v. *E. M.*, 216 Conn. App. 814, 820–21, 286 A.3d 929 (2022).

"A determination regarding whether the court's finding was clearly erroneous requires that we review all of the evidence presented to the trial court, including the testimony of the witnesses. Thus, the transcript of the trial is necessary on appeal in order to properly evaluate whether the evidence presented to the trial court supports the court's conclusion . . . .

"[An appellant] has the burden of providing this court with a record from which this court can review any alleged claims of error. . . . Practice Book § 61-10 (a) provides: It is the responsibility of the appellant to provide an adequate record for review. . . . The general purpose of [the relevant] rules of practice . . . [requiring the appellant to provide a sufficient record] is to ensure that there is a trial court record that is adequate for an informed appellate review of the various claims presented by the parties. . . . It is not an appropriate function of this court, when presented with an inadequate record, to speculate as to the reasoning of the trial court or to presume error from a silent record." (Citations omitted; internal quotation marks omitted.) Id., 821–22.

In the present case, on May 18, 2023, Premier Auto and Patrick Flynn, through their counsel, filed with the Office of the Appellate Clerk a certificate regarding transcripts indicating that, "pursuant to Practice Book § 63-4 (3) . . . no transcript is deemed necessary for this appeal." Our rules of practice, nevertheless, permit a party to include "portions of the transcript" in the

appendix to their briefs. See Practice Book § 67-8 (a).[5] In the appendix to its principal brief, Premier Auto provided this court with a portion of the trial transcripts from the July 13 and 14, 2022 trial dates.[6] Premier Auto describes these excerpts as being taken from the testimony of Patrick Flynn and Babu. These excerpts, however, do not provide this court with a complete record of the testimony of these witnesses.[7]

In connection with a claim that requires this court to review the evidence presented at trial, we do not merely rely on an appellant's characterization of the evidence or review only the portions of the evidence on which it relies. Instead, we must consider the evidence as a whole, including evidence of a testimonial nature. In the absence of a complete transcript, we would have to resort to speculation to resolve Premier Auto's claim that the court erred in determining that it failed to prove its breach of contract cause of action. See *Maye* v. *Canady*, 214 Conn. App. 455, 461, 280 A.3d 1270, cert. denied, 345 Conn. 919, 284 A.3d 627 (2022); see also *R & P Realty Co.* v. *Peerless Indemnity Ins. Co.*, 193 Conn. App. 374, 380, 219 A.3d 429 (2019) ("[i]n the absence of transcripts *of the entire trial*, we cannot evaluate the plaintiffs' arguments in support of their appellate claim without resorting to speculation" (emphasis added)). Accordingly, we are unable to

---

[5] Practice Book § 67-8 provides in relevant part: "(a) . . . A party appendix may be used: (1) to include excerpts from exhibits; (2) to include excerpts from the transcripts deemed necessary by any parties pursuant to Section 63-4 (a) (3); (3) to provide other items from the proceeding below that a party deems necessary for the proper presentation of the issues on appeal; or (4) to comply with other provisions of the rules of practice that require the inclusion of certain materials in the party appendix. . . ."

[6] Specifically, Premier Auto submitted seven pages of the July 13, 2022 transcript and nine pages of the July 14, 2022 transcript.

[7] We note that Meineke Bristol, LLC, filed an appellee's brief in this appeal and, in the appendix to its brief, also included portions of the trial transcripts of July 13 and 14, 2022. These additional excerpts of the transcripts do not alter our conclusion that the record is inadequate for review.

address the merits of this claim because Premier Auto has not provided this court with an adequate record for review.

The portion of the appeal challenging the preclusion of certain evidence is dismissed; the judgments are affirmed in all other respects.

In this opinion the other judges concurred.