******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# EUGENE CHRISTENSEN *v.*
# MADELYN CHRISTENSEN
## (AC 46470)

Alvord, Elgo and Seeley, Js.

*Syllabus*

The defendant, whose marriage to the plaintiff previously had been dissolved, appealed from the judgment of the trial court denying her postjudgment motion for modification of child support and custody and granting the plaintiff's postjudgment motion for contempt. She claimed, inter alia, that the court improperly determined that she had engaged in parental alienation. *Held*:

The defendant's challenge to the trial court's ruling on her motion for modification was moot, as there was no practical relief that this court could afford the defendant because the challenged custody order had been superseded by an order of the trial court issued after the appeal had been filed.

This court declined to address the merits of the defendant's claim that the trial court improperly granted the plaintiff's motion for contempt, as the defendant failed to provide an adequate record for review.

This court dismissed the defendant's claim with respect to the trial court's order that she pay attorney's fees incurred by the plaintiff for the preparation and prosecution of his motion for contempt, as the appeal challenged only the reasonableness of the fees sought, which had not yet been awarded, and not the court's decision to award fees and, thus, was unripe for review.

Argued February 18—officially released April 29, 2025

*Procedural History*

Action for the dissolution of a marriage, and for other relief, brought to the Superior Court in the judicial district of Ansonia-Milford where the court, *S. Richards, J.*, found the defendant in default for failure to appear and rendered judgment dissolving the marriage; thereafter, the court, *Tindill, J.*, denied the defendant's postjudgment motion for modification of custody and child support and granted the plaintiff's postjudgment motion for contempt, from which the defendant appealed to this court. *Appeal dismissed in part*; *affirmed.*

*Madelyn Christensen*, self-represented, the appellant (defendant).

*Nicole R. Concilio*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. In this postjudgment marital dissolution action, the self-represented defendant, Madelyn Christensen, appeals from the judgment of the trial court resolving several motions filed by the defendant and by the plaintiff, Eugene Christensen. Specifically, the defendant claims on appeal that the court erred in granting the plaintiff's motion for contempt and denying the defendant's motion for modification on the basis that it (1) improperly determined that she had engaged in parental alienation, (2) did not give her the opportunity to cross-examine the plaintiff, and (3) abused its discretion in awarding the plaintiff attorney's fees. We dismiss in part the defendant's appeal and otherwise affirm the judgment of the trial court.

The following facts and procedural history are relevant to our disposition of this appeal. The parties were married in 1997 and have four children together, three of whom are minors. The plaintiff commenced the action for dissolution of the parties' marriage in June, 2015. The defendant failed to file an appearance, and the court rendered a judgment of dissolution, which incorporated the plaintiff's proposed orders, on October 21, 2015.

On October 20, 2021, the defendant filed a motion for modification of child support and custody, seeking sole custody of the parties' minor children. On October 26, 2021, the plaintiff filed a motion for contempt, alleging that the defendant had violated the court's orders with respect to parenting time. In the motion, the plaintiff sought an order requiring the defendant to pay his attorney's fees for the prosecution of the motion. A

hearing subsequently was held before the court, *Tin-dill, J.*

On March 9, 2023, the court issued an order granting the plaintiff's motion for contempt and denying the defendant's motion for modification, and, among other orders, it set a parenting schedule. As to the defendant's motion for modification, the court stated that it had considered the seventeen factors delineated in General Statutes § 46b-56. It stated that factors three, seven, eight, fifteen, and sixteen weighed most heavily in its decision and concluded that it was not in the children's best interests to award sole legal custody to the defendant.

With respect to the plaintiff's motion for contempt, the court found that the plaintiff proved by clear and convincing evidence that the defendant wilfully had violated the parenting plan and issued the following order: "The defendant shall pay the reasonable attorney's fees and costs incurred by the plaintiff for the preparation and prosecution of his motion for contempt . . . . Counsel for the plaintiff shall provide the defendant and file with the court an affidavit of fees and costs by the close of business on March 15, 2023." On March 16, 2023, the plaintiff filed an affidavit of attorney's fees. Therein, the plaintiff's counsel averred that she had charged $8835 in fees related to the plaintiff's motion for contempt and specified that her rate was $300 per hour. The affidavit was accompanied by a ledger.

On March 28, 2023, the defendant filed a motion to reargue. Therein, she sought "to reargue" the plaintiff's attorney's fees on the basis that she could not pay her own counsel because she was providing financially for the children. She further stated that the amount of time counsel spent on the motion, including time charged with respect to the plaintiff's continuances and work

on other matters, was unreasonable. She represented that she had emailed the plaintiff's counsel asking for "a more clear bill" that she could understand but that she did not receive a response. After initially granting the motion to reargue, the court vacated that order and denied reargument. This appeal followed.

In her appellate brief, the defendant requests that "the decision made on March 9, 2023 . . . be overturned . . . . " She devotes much of her brief to her argument that the court improperly determined that she had engaged in parental alienation. She raises other contentions, including that she "was not given the opportunity to cross-examine the [plaintiff]."

To the extent the defendant challenges the court's ruling on her motion for modification, we conclude that her claim is moot. "Mootness implicates [the] court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) *Thunelius* v. *Posacki*, 193 Conn. App. 666, 685, 220 A.3d 194 (2019).

In the present case, following the filing of this appeal, in January, 2024, the defendant filed another motion for modification of custody. On October 28, 2024, the parties reached an agreement, which provided that "[t]he parties shall share joint legal custody of the three

minor children . . . [and] the [defendant] shall have primary physical custody . . . .” The agreement also modified the visitation schedule to take into consideration two of the children’s preferences. The court, *Figueroa Laskos*, *J.*, accepted the agreement after finding it fair, equitable, and in the best interests of the minor children. On October 28, 2024, the court ruled that the agreement “shall enter as an order of the court, as of today’s date, as to custody.”

The court’s October, 2024 order accepted the parties’ agreement regarding custody, the same issue that was decided by the court in its March, 2023 order. Consequently, the March, 2023 order as to custody has been superseded. Thus, we conclude that there is no practical relief that this court can afford the defendant with respect to her challenge to the court’s March, 2023 order on the motion for modification of custody, and this portion of the defendant’s appeal is moot. See *Santos* v. *Morrissey*, 127 Conn. App. 602, 605, 14 A.3d 1064 (2011) (appeal challenging earlier ruling on custody was moot in light of subsequent order addressing same issues).

To the extent the defendant challenges the court’s ruling on the plaintiff’s motion for contempt, we decline to address the merits of that claim because the defendant has failed to provide an adequate record for review. “As the appellant, the [defendant] has the burden of providing this court with a record from which this court can review any alleged claims of error.” (Internal quotation marks omitted.) *Park Seymour Associates, LLC* v. *Hartford*, 230 Conn. App. 565, 572–73, 330 A.3d 640, cert. denied, 351 Conn. 918,      A.3d      (2025). Practice Book § 61-10 (a) provides: “It is the responsibility of the appellant to provide an adequate record for review. The appellant shall determine whether the

entire record is complete, correct and otherwise perfected for presentation on appeal." "The general purpose of [the relevant] rules of practice . . . [requiring the appellant to provide a sufficient record] is to ensure that there is a trial court record that is adequate for an informed appellate review of the various claims presented by the parties. . . . It is not an appropriate function of this court, when presented with an inadequate record, to speculate as to the reasoning of the trial court or to presume error from a silent record." (Internal quotation marks omitted.) *Meineke Bristol, LLC* v. *Premier Auto, LLC*, 227 Conn. App. 64, 73, 319 A.3d 826 (2024).

In the present case, the defendant has not provided us with the full transcripts of the relevant proceedings. The defendant provided only excerpts of proceedings on certain dates: two brief excerpts from January 12, 2022; a four page excerpt of the partial testimony of one witness from July 11, 2022; and an eighty-four page excerpt from August 4, 2022, that included the plaintiff's testimony on direct examination and a portion of the defendant's testimony. The record reflects that the proceeding was not complete at the conclusion of the August 4, 2022 hearing, and the court's March 9, 2023 order stated that "[t]he evidentiary hearing on the plaintiff's postjudgment motion for contempt regarding the parenting plan . . . and the defendant's postjudgment motion for modification of the parenting plan . . . was held on March 9, 2023." The defendant did not provide this court with any portion of the March 9, 2023 transcript.

We cannot rely on the defendant's characterization of the evidence or review only select portions of evidence on which she relies. See *Meineke Bristol, LLC* v. *Premier Auto, LLC*, supra, 227 Conn. App. 74–75 ("In connection with a claim that requires this court to review the evidence presented at trial . . . we must

consider the evidence as a whole, including evidence of a testimonial nature. In the absence of a complete transcript, we would have to resort to speculation to resolve [the appellant's] claim that the court erred in determining that it failed to prove its breach of contract cause of action."). Accordingly, we are unable to address the merits of the defendant's claim because she has not provided this court with an adequate record for review.

The defendant's remaining claim is that the attorney's fees sought by the plaintiff are unclear, and the defendant is unsure whether the fees are restricted properly to the plaintiff's motion for contempt.[1] Our review of the record reveals that, although the court ordered the defendant to pay "the reasonable attorney's fees and costs incurred by the plaintiff for the preparation and prosecution of his motion for contempt," and the plaintiff thereafter filed an affidavit of fees, no award of attorney's fees has been issued. Moreover, because the defendant's appeal challenges only the reasonableness of the fees sought, not the court's decision to award fees; see *Spinnato* v. *Boyd*, 231 Conn. App. 460, 483 n.12,      A.3d      (2025) (noting that defendant may appeal from final determination court makes as to plaintiff's requested fees); *Iino* v. *Spalter*, 192 Conn. App. 421, 457, 218 A.3d 152 (2019) ("[the] postjudgment determination [of the amount of the attorney's fees] will be a separately appealable final judgment as to the reasonableness of the fees awarded"); the defendant may raise that challenge following the court's determination as to the requested fees. See *Allen* v. *Allen*, 134 Conn. App. 486, 503, 39 A.3d 1190 (2012) (holding that court exceeded its discretion in awarding attorney's

---

[1] The defendant argues: "The fees appeared to be very high. I believe that there were fees on there that are not a part of this motion but other issues before the court."

fees for efforts unrelated to contempt action). Accordingly, we dismiss the defendant's claim with respect to attorney's fees on the basis that it is not ripe for review. See *Rheaume* v. *Rheaume*, 156 Conn. App. 766, 772, 115 A.3d 1116 (2015) ("[T]he rationale behind the ripeness requirement is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements. . . . [I]n determining whether a case is ripe, a trial court must be satisfied that the case before [it] does not present a hypothetical injury or a claim contingent upon some event that has not and indeed may never transpire." (Internal quotation marks omitted.)).

The appeal is dismissed with respect to the defendant's challenge to the trial court's ruling on her motion for modification of custody and the defendant's claim regarding attorney's fees; the judgment is affirmed in all other respects.