******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DANIEL SHEAR *v.* YUPAPORN SHEAR
(AC 47263)

Alvord, Elgo and Keller, Js.

*Syllabus*

The plaintiff, whose marriage to the defendant previously had been dissolved, appealed from the trial court's judgment granting the defendant's motion for modification of custody and awarding the parties' joint legal custody of their minor child and the defendant primary physical custody of the child. The plaintiff challenged, inter alia, the propriety of the court's custody order. *Held*:

This court dismissed the appeal as moot, as there was no practical relief this court could afford the plaintiff because, during the pendency of the appeal, the challenged custody order had been superseded by a subsequent court order addressing the custody of the parties' child.

Argued September 3—officially released October 14, 2025

*Procedural History*

Action for the dissolution of a marriage, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the court, *Carbonneau, J.*, rendered judgment dissolving the marriage and granting certain other relief in accordance with the parties' separation agreement; thereafter, the court, *Nastri, J.*, granted the defendant's motion for modification of custody, denied the plaintiff's motion to vacate and issued certain orders, and the plaintiff appealed to this court; subsequently, the court denied the plaintiff's motion for reconsideration, and the plaintiff filed an amended appeal. *Appeal dismissed.*

*Daniel Shear*, self-represented, the appellant (plaintiff).

*Yupaporn Noipeng*, self-represented, the appellee (defendant).

*Opinion*

PER CURIAM. In this postjudgment dissolution matter, the self-represented plaintiff, Daniel Shear, appeals from the judgment of the trial court resolving several motions filed by the plaintiff and the self-represented defendant, Yupaporn Shear.[1] The plaintiff sets forth a myriad of claims in support of his efforts to reverse the judgment of the court as to custody of the parties' minor child. We dismiss the plaintiff's appeal.[2]

The following facts and procedural history are relevant to our resolution of this appeal. The parties' marriage was dissolved in 2012, and the court, *Carbonneau, J.*, incorporated the terms of the parties' written separation agreement into the judgment. That agreement provided that the parties would have joint custody of their child, with her primary residence with the defendant. Following the dissolution of their marriage, the parties engaged in extensive litigation. The parenting plan, however, remained in place until August, 2022, with the exception of an agreement, approved in May, 2015, that the defendant would have final decision-making authority as to the child's medical and dental issues and extracurricular activities. On August 16, 2022, following a hearing on the plaintiff's application for an emergency ex parte order of custody, which alleged that the plaintiff had not had physical contact or telephone calls with the child in more than eight months, the court issued an order awarding the plaintiff sole legal and physical

---

[1] The trial court noted that the defendant is now known as Yupaporn Noipeng.

[2] Because we dismiss the appeal as moot, we need not discuss at length the other impediments to review of the plaintiff's twelve issues identified preliminarily in his appellate briefing. We briefly note, however, that the bulk of the plaintiff's claims are inadequately briefed and unpreserved. Additionally, the plaintiff provided this court with only partial transcripts, which would have rendered the record inadequate to review many of the plaintiff's claims. See Practice Book § 61-10 (it is responsibility of appellant to provide adequate record for review).

custody of the child. On January 27, 2023, the parties agreed to a parenting time schedule pursuant to which the defendant would have unsupervised parenting time with the child of short duration, gradually increasing to unsupervised parenting time every other weekend (January, 2023 agreement). On February 10, 2023, the defendant filed a motion for modification, seeking joint custody and primary physical custody of the child. On February 14, 2023, the defendant filed an amended motion to vacate and stay the August 16, 2022 order awarding the plaintiff sole legal and physical custody of the child. On March 24, 2023, the plaintiff filed a motion to vacate the January, 2023 agreement, alleging that he would not have entered into it had he known that the defendant would continue to pursue her motion to vacate the order providing him sole custody.

The court, *Nastri, J.*, held a hearing over the course of five dates. In its January, 2024 memorandum of decision, the court described the proceedings as follows: "Both parties testified. In addition, the court heard testimony from Keona Leary, the minor child's former therapist at the Klingberg Family Centers; Lindsey Miller, a therapy supervisor at the Klingberg Family Centers; Sossi Derrien, the minor child's former, occasional caregiver; Kathleen McDaniel, [the defendant's] friend; and [the guardian ad litem, Attorney Robert] McLaughlin." (Footnotes omitted.) The court made findings with respect to each of the parties and the child, concluded that it was in the child's best interest to reside primarily with the defendant, and, among other orders, awarded the parties joint custody of the child and set forth a parenting time schedule. This appeal followed. The plaintiff filed a motion for reconsideration, which was denied. The plaintiff thereafter amended his appeal.

We conclude that the plaintiff's appeal challenging the court's January, 2024 custody order is moot. "Mootness implicates [the] court's subject matter jurisdiction

and is thus a threshold matter for us to resolve. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) *Christensen* v. *Christensen*, 232 Conn. App. 299, 302–303, 335 A.3d 89 (2025).

In the present case, following the filing of this appeal, in April, 2024, the plaintiff filed a motion for modification of custody. In May, 2024, the plaintiff filed an application for an emergency ex parte order of custody, which was denied. After a hearing, on June 4, 2024, the court, *Alfano, J.*, denied the plaintiff's motion for modification, finding that "there has been no material change in circumstances since the court issued its orders on January 3, 2024. Moreover, based upon the testimony of the parties and the guardian ad litem, the court cannot find that it is in the best interest of the child to modify the court's current orders."

The court's June, 2024 order addresses custody of the parties' child, the same issue that was decided by the court, *Nastri, J.*, in its January, 2024 memorandum of decision. Consequently, the January, 2024 custody order has been superseded. Thus, we conclude that there is no practical relief that this court can afford the plaintiff with respect to his numerous challenges to the court's January, 2024 custody order, and this appeal is

moot.[3] See, e.g., *J. Y.* v. *M. R.*, 215 Conn. App. 648, 662, 283 A.3d 520 (2022) (challenge to interim custody and visitation orders was moot in light of subsequent orders in which court "reiterat[ed]" orders or left them "largely unchanged," and proper recourse was to challenge later orders (internal quotation marks omitted)); *Santos* v. *Morrissey*, 127 Conn. App. 602, 605, 14 A.3d 1064 (2011) (appeal challenging earlier ruling on custody was moot in light of subsequent order addressing same issues).

The appeal is dismissed.

———————————

[3] In this appeal, the plaintiff also raises a claim with respect to three motions for contempt that he filed. The plaintiff's January, 2022 motion alleged, inter alia, that the defendant had picked the child up from school on a date that the plaintiff was to have parenting time in January, 2022. The plaintiff's February, 2022 motion alleged seventy instances in which the defendant allegedly had violated court orders between 2019 and February, 2022, primarily involving claims of missed visitation and good night phone calls. The third motion was filed during the final day of the hearing, December 15, 2023, and alleged that the defendant did not comply with court-ordered visitation on fifty-nine dates in 2022.

The plaintiff contends in this appeal that the court improperly failed to address his three motions for contempt in its January, 2024 memorandum of decision and directs this court's attention to a brief remark made by the trial court that it would "rule on the contempts." However, it is clear upon a careful review of the court file that the three motions for contempt were historical, in that all allegations of contempt predate the court's August, 2022 order, in which the plaintiff obtained relief in the form of the court's awarding him sole legal and physical custody of the child. Thus, we are not convinced that the trial court acted improperly in not adjudicating the alleged violations of orders with respect to visitation and good night phone calls, which alleged violations that occurred prior to the court's awarding the plaintiff sole custody of the child in August, 2022, and the parties' subsequent January, 2023 agreement.

Moreover, we note that the plaintiff's primary contention with respect to the motions for contempt is that the motions should have been adjudicated before the court issued its January, 2024 custody order because otherwise it "violates the standard of taking into account each party's willingness to follow the court's orders when deciding custody." To the extent that the plaintiff's argument ultimately seeks to attack the court's January, 2024 custody order, that argument is moot for the reasons expressed in this opinion. See *Christensen* v. *Christensen*, supra, 232 Conn. App. 303–304.