******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## JOHN CHACHO, JR. *v.* CARA LISTER
### (AC 48234)

Cradle, C. J., and Alvord and Palmer, Js.

*Syllabus*

The plaintiff appealed from the trial court's judgment denying his application for visitation with his minor child and his motion to open the judgment. He claimed, inter alia, that the court's rulings were improper and sought to have the case remanded to the trial court for a hearing. *Held*:

The appeal was dismissed as moot, as there was no practical relief that this court could afford the plaintiff because, after his appeal had been filed, the challenged rulings had been superseded by orders of the trial court that were issued in a separate custody action brought by the defendant in which the plaintiff was pursuing his requests for visitation.

Argued December 3, 2025—officially released March 10, 2026

*Procedural History*

Application for visitation with the parties' minor child, and for other relief, brought to the Superior Court in the judicial district of Ansonia-Milford, where the court, *Boni-Vendola, J.*, rendered judgment denying the application; thereafter, the court, *Figueroa-Laskos, J.*, denied the plaintiff's motion to open the judgment, and the plaintiff appealed to this court. *Appeal dismissed*.

*John Chacho, Jr.*, self-represented, the appellant (plaintiff).

*Opinion*

ALVORD, J. The self-represented plaintiff, John Chacho, Jr., appeals from the judgment of the trial court in this action against the defendant, Cara Lister, seeking visitation with their minor child. On appeal, the plaintiff claims that the court improperly denied both his application for visitation with the child and his motion to open the judgment.[1] We dismiss the plaintiff's appeal.

---

[1] Although the plaintiff's arguments are difficult to decipher from his appellate brief, we have distilled them into the aforementioned claims. To the extent that the plaintiff seeks to raise a due process claim, any such claim is inadequately briefed. Although we "allow the [plaintiff] some

The following procedural history is relevant to this appeal. In May, 2024, the plaintiff filed in the judicial district of Ansonia-Milford an application for visitation with the parties' minor child, who was born in 2019. On July 11, 2024, the court, *Boni-Vendola, J.*, held a hearing on the plaintiff's application for visitation, for which the plaintiff appeared in person.[2] At the start of the hearing, the court, noting the defendant's absence, discussed the possibility that the defendant did not receive notice and asked the plaintiff if he had her correct address to effectuate abode service. The plaintiff responded that he did not have an address for her. He then indicated that he was incarcerated at the time of the child's birth and was incarcerated currently but was out on parole for an unspecified time in 2020. He further responded that, at about the time he was released on parole, he had his only interaction with the child through a video call and that he has made numerous attempts to contact the child but believed that the defendant had impeded those efforts.

The court stated: "I have to have [the defendant] in court to make a finding. I have to have some testimony that it's in the best interest of this child. At this point in time, [the child] doesn't know you at all." The court concluded the hearing by stating, "I'm going to have to deny this without prejudice, which means you could file it again, okay, not based on any change in circumstances. You can file it again, if you have a better address for her, if she gets in-hand service, and I get her in front of this

latitude as a self-represented litigant," his cursory assertions without any substantive argument or analysis render his brief "inadequate for us to conduct any meaningful review . . . ." (Internal quotation marks omitted.) *D. K.* v. *D. F.*, 235 Conn. App. 59, 78, 344 A.3d 564 (2025).

Additionally, we note that the defendant did not file an appellate brief. On July 8, 2025, this court ordered that this appeal shall be considered on the basis of the appellant's brief and, if applicable, the appendix, the record, as defined by Practice Book § 60-4, and oral argument by the plaintiff.

[2] Because the plaintiff was incarcerated at the time of the hearing, he filed an application for a writ of habeas corpus ad testificandum requesting that he be transported to the proceeding by the Department of Correction, which the court granted.

court. So, at this point in time, I'm going to deny your application without prejudice."

That same day, the court issued a written order denying the request for video visits and in-person visits in the location where the plaintiff was then incarcerated, concluding: "The court does not find that allowing visitation between the plaintiff and the child would be in the child's best interest at this time. The plaintiff's visitation application is denied without prejudice." Additionally, the record reveals that the next day, July 12, 2024, without any apparent explanation, notice was sent by the Superior Court clerk's office to the plaintiff in the form of a JDNO indicating that the court "entered a judgment of dismissal in the . . . action . . . for failure to prosecute said action with reasonable diligence, ([Practice Book §] 14-3)."[3] The notice further provided in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a motion to open judgment of dismissal must be filed within four months succeeding the date on which notice was sent ([Practice Book §] 17-4)."

The plaintiff then filed a motion to open the judgment. On October 21, 2024, both parties appeared before the court, *Figueroa-Laskos, J.*, on the motion. The plaintiff asserted that he "had to reopen the judgment because [the court, *Boni-Vendola, J.*] . . . wanted me to serve

---

[3] "The designation 'JDNO' is a standard notation used to indicate that a judicial notice of a decision or order has been sent by the clerk's office to all parties of record. Such a notation raises a presumption that notice was sent and received in the absence of a finding to the contrary." (Internal quotation marks omitted.) *LendingHome Funding Corp.* v. *REI Holdings*, *LLC*, 227 Conn. App. 786, 789 n.4, 324 A.3d 152 (2024), cert. denied, 351 Conn. 905, 330 A.3d 133 (2025).

Additionally, Practice Book § 14-3 (a) provides: "If a party shall fail to prosecute an action with reasonable diligence, the judicial authority may, after hearing, on motion by any party to the action pursuant to Section 11-1, or on its own motion, render a judgment dismissing the action with costs. At least two weeks' notice shall be required except in cases appearing on an assignment list for final adjudication. Judgment files shall not be drawn except where an appeal is taken or where any party so requests."

[the defendant] in hand. I served her at her last known address, and then I had to reopen the judgment because she dismissed it without prejudice." The court, *Figueroa-Laskos, J.*, noted that the record "indicates that there was a hearing, and your visitation complaint was denied on the merits."[4] When the court asked if the defendant had anything to add, she stated that she had not lived in the judicial district of Ansonia-Milford for two years and that she had an action pending in another judicial district, Bridgeport, in which she was seeking sole legal custody of the minor child. The court stated that the file did not reflect activity in a Bridgeport case and proceeded to deny the motion to open the judgment. This appeal followed.

On appeal, the plaintiff claims that the trial court improperly denied his application for visitation and motion to open the judgment, and asks this court to "[r]emand [the] case back to the trial court so that a fair and unbiased hearing be conducted and the proper procedures be followed in the application for visitation . . . ." Despite the JDNO notice sent to the plaintiff by the clerk's office erroneously informing him that his case had been dismissed and the confusion that ensued thereafter, under the particular circumstances presented, we conclude that there is no practical relief that this court can afford the plaintiff and, therefore, the plaintiff's appeal is moot.

"Mootness implicates [the] court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When,

---

[4] The court did not acknowledge the judgment of dismissal for failure to prosecute sent by the clerk's office in the JDNO notice.

during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) *Shear* v. *Shear*, 235 Conn. App. 769, 772, 347 A.3d 290 (2025).

A review of the docket for the Bridgeport custody action reveals the following history that is relevant to this appeal. On November 19, 2024, the defendant filed in the judicial district of Bridgeport a custody application seeking, among other orders, sole legal custody of the parties' minor child.[5] On March 19, 2025, both parties were present for a case evaluation hearing, following which the court, *M. Moore, J.*, issued an order awarding the defendant sole legal custody and awarded no visitation to the plaintiff but provided that the plaintiff "may write letters and/or send cards to the minor child." The plaintiff unsuccessfully attempted to file an appeal challenging the custody order.

The plaintiff continued litigating his requests for visitation in the Bridgeport custody action by filing postjudgment motions for modification of custody orders, including one in which he sought, inter alia, visitation with the child. On November 13, 2025, the court, *Dembo, J.*, after a hearing on these motions, issued an order referring the matter to the Family Relations Office of the Court Support Services Division of the Judicial Branch

---

[5] We take judicial notice of the defendant's custody application and the subsequent orders pertaining to that application. See, e.g., *State* v. *Santiago*, 142 Conn. App. 582, 592 n.12, 64 A.3d 832 ("[i]t is well established that this court can take judicial notice of facts contained in the files of the Superior Court" (internal quotation marks omitted)), cert. denied, 309 Conn. 911, 69 A.3d 307 (2013).

The defendant's appearance form lists Norwalk as her town of residence. For actions in which both the plaintiff and the defendant are residents of this state, General Statutes § 51-345 (a) (3) (E) provides: "If either the plaintiff or the defendant resides in the town of Darien, Greenwich, New Canaan, Norwalk, Stamford, Weston, Westport or Wilton, the action may be made returnable at the option of the plaintiff to either the judicial district of Stamford-Norwalk or the judicial district of Bridgeport."

(family relations) "for an issue focused evaluation to determine if phone calls and/or visits between the child and the incarcerated father are appropriate and in the child's best interest." It further ordered the parties to cooperate with family relations, as that office "will look into/review any [Department of Children and Families'] records, police complaints/records, the child's medical/ mental health condition, speak with both parents and such other collaterals as they deem appropriate to fulfil this task." The court set February 20, 2026, as the date to report back to ascertain the status of the family relations evaluation.

At oral argument before this court on December 3, 2025, the plaintiff, in response to an inquiry regarding the Bridgeport custody action, acknowledged that family relations was conducting an evaluation and that he was participating in that evaluation for purposes of seeking visitation with the child. The plaintiff did not argue that the Bridgeport action was not progressing or that any procedures were unfair or improper.

In this appeal, the plaintiff's request for relief seeks to have his case remanded so that he can be afforded a hearing and that "proper procedures be followed in the application for visitation . . . ." Since the filing of this appeal, however, he has participated in a hearing concerning his request for visitation in the Bridgeport court. He acknowledged at oral argument that the family relations evaluation is ongoing and he is participating. By holding a hearing within the context of postjudgment litigation through which the plaintiff seeks visitation with the child, the Bridgeport court is affording the plaintiff the relief that he seeks in this appeal. Therefore, we conclude that there is no practical relief that this court can award by addressing his claims challenging the judgment issued by the court in the judicial district of Ansonia-Milford and, thus, the appeal is moot.

The appeal is dismissed.

In this opinion the other judges concurred.